# UNITED STATES COURT OF APPEALS
## For the First Circuit

———————————

**No. 22-1749**

DAVID NUNEZ-PEREZ

Petitioner - Appellee,

v.

ANA I. ESCOBAR, Secretary of the Puerto Rico Department of Corrections
and Rehabilitation; HECTOR HERNANDEZ-MORALES, Warden;
COMMONWEALTH OF PUERTO RICO,

Respondents – Appellants,

ERIK ROLON-SUAREZ, Secretary of the Puerto Rico Department of
Corrections and Rehabilitation,

Respondent.

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. William G. Young, <u>U.S. District Judge</u>*]

———————————

**REPLY BRIEF FOR RESPONDENTS-APPELLANTS**

───────────────────────────────────────────────

[counsel listed on inside cover]

---

* Of the District of Massachusetts, sitting by designation.

**FERNANDO FIGUEROA-SANTIAGO**
Solicitor General of Puerto Rico
USCA No. 1198674
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900
E-mail: *fernando.figueroa@justicia.pr.gov*

**OMAR ANDINO-FIGUEROA**
Deputy Solicitor General of Puerto Rico
USCA No. 1197240
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900
Email: *omar.andino@justicia.pr.gov*

**MARIOLA ABREU-ACEVEDO**
Assistant Solicitor General
USCA No. 1199215
PO Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, ext. 1531
E-mail: *mariola.abreu@justicia.pr.gov*

March 12, 2024

# **TABLE OF CONTENTS**

**PAGE(S)**

I.     **PRELIMINARY STATEMENT** .......................................................... 2-3

II.    **ARGUMENT** ................................................................................ 3-36

    **A. The Commonwealth has not waived nor forfeited its 28 U.S.C. § 2244(d)(1)(C) statute of limitations arguments** ……………...……3-23

    **B. The Commonwealth raised an actionable challenge on appeal**…………………………………………...…...........23-29

    **C. The Commonwealth is not equitably estopped from advancing the 11-day untimeliness challenge** …………………………...............29-32

    **D. The actual innocence exception is inapplicable**……………...…32-36

III.    **CONCLUSION** .......................................................................................36

**CERTIFICATE OF FILING AND SERVICE** ...................................................37

**CERTIFICATE OF COMPLIANCE WITH RULE 32(G)**...............................38

# TABLE OF AUTHORITIES

**PAGE(S)**

**Federal Legislation:**

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") ............ *passim*

    28 U.S.C. § 2244(d)(1)(A)...................................................... 3, 4, 6, 14, 16, 20, 21

    28 U.S.C. § 2244(d)(1)(C) ........................................................................... *passim*

**Puerto Rico Rules of Criminal Procedure:**

    Rule 192.1, P.R. Laws tit. 34A, § II, R. 192.1……..…......5, 7-10, 15, 16, 21, 23, 24

**Cases (Federal):**

*Arellano v. Paramo*, 2021 WL 5578351 (S.D. Cal. Nov. 30, 2021) ……...………..35

*Barreto-Barreto v. United States*, 551 F.3d 95 (1st Cir. 2008) ……………….27, 33

*Bousley v. United States*, 523 U.S. 614, 623 (1998)………………………………..34

*Connolly*, 504 F.3d 206 (1st Cir. 2007)…………………………………………...28, 29

*Cordle v. Guarino*, 428 F.3d 46 (1st Cir. 2005) ……………............................26, 28

*Day v. McDonough*, 547 U.S. 198, 210 (2006) ……………...................13, 17-19, 20

*Dimott v. United States*, 881 F.3d 232 (1st Cir. 2018)…………………………19, 20

*Drummond v. United States*, 41 F.3d 664 (5th Cir. 1994) ……………...................35

*Holland v. Florida*, 560 U.S. 631 (2010) ……………...........................23, 24, 26, 32

*Holmes v. Spencer* (Holmes I), 685 F.3d 51 (1st Cir. 2012) …………….................25

*Lowery v. Bryant*, 760 F. App'x 617, 619 (10th Cir. 2019) ……...........................34

*Matamoros v. Starbucks Corp.*, 699 F.3d 129 (1st Cir. 2012) ……....................28

*McCants v. Alves*, 67 F.4th 47 (1st Cir. 2023)………………………………….........33

*McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013) ……...................................33, 34

*Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250 (2016) ……........26

*Ortega Candelaria v. Orthobiologics LLC*, 661 F.3d 675 (1st Cir. 2011) ……........29

*Puerto Rico v. Sanchez Valle*, 579 U.S. 59 (2016) …………….......................*passim*

*Ramírez-Carlo v. United States*, 496 F.3d 41 (1st Cir. 2007) ……....................29, 30

*Ramos Martínez v. U.S.*, 638 F.3d 315 (1st Cir. 2011). …………….......................24

*Riva v. Ficco*, 615 F.3d 35 (1st Cir. 2010) ……...............................................33

*Schlup v. Delo*, 513 U.S. 298 (1995) ……...............................................33, 34

*Selsor v. Kaiser*, 22 F.3d 1029, 1035 (10th Cir. 1994) …………….................35

*Steele v. Young*, 11 F.3d 1518, 1522 n. 8 (10th Cir. 1993) …………….................35

*Teague v. Lane*, 489 U.S. 288 (1989) …………….......................................32

*Trenkler v. United States*, 268 F.3d 16 (1st Cir. 2001) …………….................21, 22

*Vera v. McHugh*, 622 F.3d 17, 30 (1st Cir. 2010) …………….............................30

*Waite v. United States*, 74 F.3d 1242 (7th Cir. 1996) …………….........................34

*Wood v. Milyard*, 566 U.S. 463, 466 (2012) …………….............................18, 19, 20

# UNITED STATES COURT OF APPEALS
## For the First Circuit

_____

**No. 22-1749**

DAVID NUNEZ-PEREZ.

Petitioner - Appellee,

v.

ANA I. ESCOBAR, Secretary of the Puerto Rico Department of Corrections
and Rehabilitation; HECTOR HERNANDEZ-MORALES, Warden;
COMMONWEALTH OF PUERTO RICO,

Respondents – Appellants,

ERIK ROLON-SUAREZ, Secretary of the Puerto Rico Department of
Corrections and Rehabilitation,

Respondent.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. William G. Young, <u>U.S. District Judge</u>*]

_____

**REPLY BRIEF FOR APPELLANTS**

**TO THE HONORABLE COURT:**

    **COME NOW** the Commonwealth of Puerto Rico; Ana I. Escobar, in her

official capacity as Secretary of the Department of Corrections and Rehabilitation;

---

* Of the District of Massachusetts, sitting by designation.

and Héctor Hernández Morales, in his official capacity as Warden (collectively, "the Commonwealth"), through the undersigned counsel, and most respectfully state and pray as follows:

## I.    PRELIMINARY STATEMENT

Despite Petitioner-Appellee, David Núñez Pérez's ("Núñez Pérez" or "Appellee"), contentions in his effort to sidestep the merits of the Commonwealth's appeal, the simple fact remains that the district court plainly abused its discretion in invoking equitable tolling to salvage Núñez Pérez's untimely habeas petition. As in *Appellee's Motion for Summary Disposition (1st Cir. R. 27.0(c))*, Núñez Pérez spends most of Appellee's Brief ("Appellee's Br.") raising procedural sideshows about claims of purported waiver, equitable estoppel, and forfeiture on the part of the Commonwealth to try to insulate the district court's erroneous ruling challenged on appeal. In his answering brief, Núñez Pérez sets forth five main arguments utterly misconstruing the record, none of which holds water.

*First*, he insists that the Commonwealth waived any equitable tolling challenge by failing to advance in a timely manner the claim that the petition is time-barred under 28 U.S.C. § 2244(d)(1)(C). *Second*, he argues that the Commonwealth likewise failed to raise an actionable challenge on appeal. *Third*, he mistakenly posits that the Commonwealth should be equitably estopped from advancing its 11-day untimeliness challenge. *Fourth*, he asserts that the district court properly granted *de*

*minimis* 11 days' due-date equitable tolling after detecting the issue *sua sponte*. *Lastly*, he attempts to salvage his claim by contending that any statute of limitations issue here is excused by Núñez Pérez's making a credible showing of actual innocence. As explained below, Núñez Pérez's arguments do not pass muster.

## II.    ARGUMENT[1]

### A. The Commonwealth has not waived nor forfeited its 28 U.S.C. § 2244(d)(1)(C) statute of limitations arguments.

Núñez Pérez insists that the Commonwealth waived any equitable tolling challenge by purportedly failing to preserve below an argument as to whether his petition was time-barred under 28 U.S.C. § 2244(d)(1)(C). Appellee's Br. at 32-41. In essence, he contends that the Commonwealth failed to argue that his petition was time-barred under § 2244(d)(1)(C) and instead limited its arguments to a single theory of untimeliness: that his § 2254 habeas petition was time-barred by § 2244(d)(1)(A) because it was filed more than eleven years after his Puerto Rico convictions became final by the conclusion of direct review. *See* Appellee's Br. at 36. He then incorrectly concludes that "the totality of the circumstances compels a conclusion that Respondents irreversible waived the 11-day-delay issue because their multi-year pleading delay—underscored in Mr. Núñez's objection below, *see*

---

[1] To avoid further rehashing, we incorporate by reference the arguments set forth in our opening brief and in the *Opposition to Appellee's Motion for Summary Disposition*.

A164—remained completely unexplained and threatens the integrity of the proceedings with unfair prejudice." Appellee's Br. at 34.

As per Núñez Pérez, "the bases for enforcing waiver and denying delayed-affirmative defense assertion overlap." Appellee's Br. at 36. To that end, he argues that "[s]ince Respondents waive claims that are not timely raised, any rational petitioner or reviewing court should view Respondents' all-or-nothing, 11-year § 2244(d)(1)(A)-dependent claim, the sole claim raised, as precluding a separate § 2244(d)(1)(C) claim that was not expressly mentioned in answer." *Id.* This view, he insists, was purportedly "buttressed" when the Commonwealth "repeatedly agreed the case rose or fell depending strictly on the retroactivity of *Sánchez Valle*" and, therefore, the Commonwealth "could anticipate that Mr. Núñez would rationally redirect precious resources to other litigation efforts instead of toward fact investigation aimed at proving the totality of circumstance justified a *de minimis* 11 days' tolling." *Id.* Next, he lists the purported "evidence of waiver and ensuing prejudice", *id.* at 36-38, which as explained below, is utterly distorted, and misconstrues the record. We, therefore, turn to several of the items listed by Núñez Pérez to demonstrate that his contentions are completely meritless:

i.   **"Respondents did not bother to calculate the 11-day claim, address it with legal argument, or plead it as an affirmative defense."**

As the record shows, although it did not cite the specific provision, the Commonwealth pointed out the Section 2244(d)(1)(C) timeless issue in at least three

occasions. For example, during the hearing on the Commonwealth's motion to dismiss held on **November 4, 2021**, the district court voiced that it was "sensitive to" its duty to "avoid making a constitutional pronouncement" in a motion to dismiss. **SA 4**. In response to the court's concern, the Commonwealth argued, among other things, as follows:

> MR. MIR-MARTINEZ: […] Just to help the Court to issue a ruling avoiding the constitutional challenge here, um, the respondents do agree, their position that the petition is time-barred. **Not only is it time-barred taking the date – taking a start date, the date the petitioner's conviction and sentence became final, <u>but if we also take the date the petitioner filed a Rule 192.1 motion</u>**, that is, um, the equivalent of a motion for new trial in Puerto Rico, um, **if we take that date <u>and we calculate from the date the *Sánchez-Valle* decision was published, it is also time-barred</u>**. **So <u>it's time-barred by two reasons</u>**. […]. **SA 7-8** (emphasis added).
> Tellingly, during the hearing, Núñez Pérez did not address either of the

Commonwealth's timeliness arguments.

Moreover, in its *Answer to Petition for Habeas Corpus* tendered on **February 4, 2022**, while the Commonwealth articulated "that on June 20th, 2017, Mr. Núñez filed a Motion Requesting Annulment of Judgment under Rule 192.1 of Puerto Rico's Rules of Criminal Procedure," it "**affirmatively alleged that Petitioner's Motion Requesting Annulment of Judgment was filed on June 20th, 2017, 373 days after the Supreme Court of the United States decided *Puerto Rico v. Sánchez Valle***." **App. 148**, ¶ 6 (emphasis added). Further, as part of its affirmative defenses, the Commonwealth asserted the following:

2. **The petition is time barred**. The AEDPA imposes a one-year statute of limitations on federal habeas petitions, generally running from "the date on which the judgment became final by the conclusion of direct review or the expiration of such review." 28 U.S.C. sec. 2244(d)(1)(A). Under Puerto Rico law, a direct appeal must be filed with 30 days of entry of judgment. 34 LPRA app. II, R. 194. The AEDPA's limitations period is tolled while collateral review of the judgment is pending. Sec. 2244(d)(2). 'Section 2244(d)(2) does not reset the clock on the limitations period, however, but merely stops it temporarily.'

> [Footnote 2: Petitioner states that he was sentenced on January 29, 2004. The Puerto Rico Court of Appeals affirmed his sentence on August 31, 2006, and the Puerto Rico Supreme Court denied Petitioner's Writ of Certiorari on February 2, 2007. Petitioner had one (1) year from the time his conviction became final to file a Petition for Federal Habeas Corpus relief. However, the instant petition was filed on June 7th, 2019, more than eleven (11) years after his state criminal sentence became final.]

3. "**[I]n the alternative**, [t]he AEDPA imposes a one-year statute of limitations on federal habeas petitions, generally running from 'the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral revie[w].' **28 U.S.C. sec. 2244(d)(1)(C)**.

[…]. **App. 151-152**, ¶¶ 2-3 (emphasis added; citations omitted).[2]

Again, although the district court invited Núñez Pérez to file a response to the

Commonwealth's *Answer*, he did not. *See* ECF No. 30; **App. 158 n. 2**.

---

[2] *See* Brian R. Means, *Federal Habeas Manual*, § 9A:161 (May 2023 Update) ("The statute of limitations defense can be preserved by asserting the defense in the answer. It need not be pleaded with any specificity. At least under the more liberal Rule 8 notice pleading standards, merely pleading the name of the defense is sufficient.").

Thereafter, on **March 31, 2022**, the district court entered an *Order* noting that "[p]resuming without deciding that Supreme Court's **June 9, 2016** decision in Puerto Rico v. Sánchez Valle, 579 U.S. 59 (2016), meet the other conditions of [28 U.S.C. § 2244(d)(1)(C),] Petitioner [Núñez Pérez'] postconviction motion under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure was filed **June 20, 2017** -- 11 days late -- and therefore the petition appears untimely." **App. 157-158** (emphasis in the original). Notably, as explicitly recognized in its *Order*, the district court raised this possible timeliness issue *only* because the Commonwealth's *Answer* identified the filing date of the Rule 192.1 motion.[3] Accordingly, the district court ordered the parties to file a joint memorandum setting forth their respective positions in response to the questions raised therein, including: "(1) Presuming arguendo that Sánchez Valle announced a new substantive rule that otherwise satisfied the

---

[3] Specifically, as per the district court's March 31 order:

> Respondent Erik Rolon Suarez, Hector Hernandez-Morales, and the Commonwealth of Puerto Rico's (collectively, "the Commonwealth"), in their February 4, 2022 Answer, ECF No. 36, identified June 20, 2017 as the filing date of the Rule 192.1 Motion in the Puerto Rico Court:
>
>> It is admitted that on **June 20th, 2017**, Mr. Núñez filed a Motion Requesting Annulment of Judgment under Rule 192.1 of Puerto Rico's Rules of Criminal Procedure. . . **It is affirmatively alleged that Petitioner's Motion Requesting Annulment of Judgment was filed on June 20th, 2017, 373 days after the Supreme Court of the United States decided Puerto Rico v. Sánchez Valle**.
>
> Answer 4, ECF No. 36 (emphasis added). This appear to be the first time the parties have identified the Rule 192.1 motion filing date. Although invited to file a response to the Answer, see November 18, 2021 Order ¶ 3, ECF No. 30, Núñez Pérez did not file a response. **App. 158 n. 2** (emphasis in the original).

retroactivity conditions of Section 2244(d)(1)(C), is the petition nevertheless untimely under this statute and why?". **App. 159**. The Commonwealth responded "[y]es, the petition[] is nevertheless untimely" because "[a]ssuming, *arguendo*, that this ruling is a newly recognized right and was made retroactively applicable on collateral review, pursuant to Section 2244(d)(1)(C), the one-year statutes of limitations started to run from the date the Supreme Court initially recognize the constitutional right in question. The Supreme Court's ruling in *Sánchez-Valle* was decided on **June 9, 2016**." **App. 164-165** (Emphasis in the original). Therefore, as further expounded:

> From this perspective, petitioner had one-year from the day *Sánchez-Valle* was decided, that is **June 9, 2017**, to petition for post-conviction relief based on the newly recognized right established … However, Petitioner did not file his Motion Requesting Annulment of Judgment under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure before the Court of Fist Instance ("CFI") until **June 20th, 2017, 376 days after *Sánchez-Valle* was decided and 11 days after the time limit established in § 2244 (d)(1)(C)**. By the time Petitioner filed for post-conviction relief, the one-year limit had expired.
>
> […] Even though the constitutional arguments on which he based his request were available since June 9, 2016, he waited more than a year, specifically, **376 days after the ruling**, to submit them before the CFI and has yet to allege if his particular case is subject to equitable tolling. Therefore, even if assuming that *Sánchez-Valle* announced a new substantive rule that otherwise satisfied the retroactivity conditions of Section 2244(d)(1)(C), the petition[] is untimely and should be dismissed. **App. 165-166**. (Emphasis in the original).

Accordingly, contrary to what Núñez Pérez would want this Court to believe, the record shows that the Commonwealth did raise the Section 2244(d)(1)(C)

timelines argument before the district court on multiple occasions. As explained in further detail below, this was sufficient to preserve the Commonwealth's Section 2244(d)(1)(C) untimeliness arguments for appeal.

## ii. "Respondents did not object when the District Court found that Respondents failed to address[] the threshold [11-day] issue."

The district court did not make a specific finding as to whether the Commonwealth "failed to independently address[] the threshold [11-day] issue." Appellee's Br. at 33, 37. *See id*. at 34 ("Respondents did not object to the District Court's finding that their answer and supplemental pleadings had never 'addressed … whether the' § 2244(d)(1)(c) 'time period expired' before Mr. Núñez filed for relief in the territorial court."). Rather, the district court's *Order*, issued on March 31, 2022, noted that while the parties had focused their previous briefing on the retroactivity question, ___*neither*___ had addressed the issue of whether the time period had expired before the Rule 192.1 motion was even filed. It, thus, ordered joint supplemental briefing with respect to the parties' position on the statute of limitations, whether the Commonwealth would waive the statute of limitations for purposes of this action, and determining which charges, convictions, and corresponding prison time would be barred by the Double Jeopardy Clause. **App. 157-160.** Specifically, as per the district court:

> Pursuant to 28 U.S.C.§ 2244(d) (1) (C), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court" runs "from

the latest of ... the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Id. Presuming without deciding that Supreme Court's **June 9, 2016** decision in <u>Puerto Rico v. Sanchez Valle</u>, 579 U.S. 59 (2016), meets the other conditions of this statute, Petitioner David Núñez Pérez's ("Núñez Pérez") postconviction motion under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure was filed **June 20, 2017** -- 11 days late -- and therefore the petition appears untimely.

This Court previously ordered the parties to brief the issue of the statute of limitation with respect to 28 U.S.C. § 2244(d)(1)(c) with respect to retroactivity. **The parties focused on the retroactivity question, but <u>*none*</u> addressed the threshold issue of whether the time period had expired before the Rule 192.1 motion was even filed**.

Accordingly, the parties are ordered to promptly <u>confer</u> and file a <u>joint</u> memorandum by **April 29, 2022**, setting forth their respective positions in response to the following questions:

(1) Presuming <u>arguendo</u> that Sánchez-Valle announced a new substantive rule that otherwise satisfied the retroactivity conditions of Section 2244(d)(1)(c), is the petition nevertheless untimely under this statue and why?

(2) Presuming <u>arguendo</u> that the petition is otherwise time barred under any subpart of Section 2244(d)(1), the Court inquiries whether the Commonwealth would waive the statue of limitations in this instance, and only as to this petitioner, without waiving any of the Commonwealth's <u>substantive</u> arguments, including the retroactivity and applicability of <u>Sánchez-Valle</u>, for this Court to consider the <u>merits</u> of this petition? <u>See</u> <u>Day</u> v. <u>McDonough</u>, 547 U.S. 198, 210 n. 11 (2006) ("[S]hould a State intelligently choose to waive a [habeas corpus] statute of limitations defense, a district court would not be at liberty to disregard that choice.").

(3) If the underlying facts of this petition occurred after the Supreme Court's <u>Sánchez-Valle</u>, or if <u>arguendo</u> that <u>Sánchez-Valle</u> applied retroactively to Núñez-Pérez's case as filed,

what portions of the subsequent Puerto Rico prosecution Núñez Pérez and corresponding prison time, if any, would be constitutionally barred by the double jeopardy clause? **App. 157-160** (emphasis added; citations and footnotes omitted).

Therefore, contrary to the Petitioner's suggestion, the district court's *Order* did not make a finding as to whether the Commonwealth had failed to raise Section 2244(d)(1)(C)'s timeless argument as an affirmative defense in its responsive pleading or had purportedly delayed in raising the 11-day issue. Moreover, as previously explained, the record shows that the Commonwealth had at least pointed out said timeliness argument on various occasions without Núñez Pérez ever objecting or addressing them.

### iii. "Respondents did not answer Mr. Núñez's position that the 11-day issue shouldn't be entertained given Respondents' failure to raise it over years of litigation."

Núñez Pérez's assertion is belied by the record. As the record shows, in the *Joint Motion in Compliance with Court Order* filed on May 9, 2022, Núñez Pérez requested that the district court "deny the application of the affirmative defense of one-year statute of limitations, which has been brought years after the filing of the Petition of Habeas Corpus." **App. 164**. However, contrary to his suggestion on appeal, Núñez Pérez expressly stated the following: "Petitioner respectfully points out that this Petition was filed June 7th 2019, and the Defendant's position was not obtained until March 29, 2021 (Dckt No. 17)." *Id.* n. 1. Therefore, the Commonwealth's position that Núñez Pérez referenced in the *Joint Motion in*

*Compliance with Court Order* refers to the Commonwealth's motion to dismiss filed on March 29, 2021. *See* **Add. 121-126**. However, the Commonwealth did not assert the statute of limitations under Section 2244(d)(1)(C)—that is, the 11-day delay—in its motion to dismiss. Accordingly, as a matter of fact, Núñez-Pérez never asserted, as suggested in his brief, "that the 11-day issue shouldn't be entertained given Respondents' failure to raise it over years of litigation." And the Commonwealth, obviously, did not answer the non-existent position that Núñez Pérez asserts in his brief. *See also* Appellee's Br. at 34 ("Respondents irreversibly waived the 11-day issue because of their multi-year pleading delay—<u>underscored in Mr. Núñez's objection below</u>, *see* A164…") (emphasis added). Accordingly, this argument is baseless and unsupported by the record.

### iv.    "The PR-DOJ—even after losing *Sánchez Valle* in the P.R. and U.S. Supreme Courts—had never sent Mr. Núñez a letter."

Although Núñez Pérez suggests that the PR-DOJ had an obligation to inform him about the *Sánchez Valle* ruling, he cites no controlling or persuasive authority to support that conclusion, nor did we identify any. In any event, it's highly unlikely that States or territories have the burdensome duty to inform thousands of inmates within their jurisdiction whenever a change in law could result in a constitutional violation against them. Thus, Núñez Pérez cannot rely on this argument as "evidence of waiver and ensuing prejudice."

**v.** **"Respondents sought leave from submitting the state-court record because there were, according to [the Commonwealth], no factual disputes. DE-40 at 3."**

Once again, Núñez Pérez's contention to this end also misconstrues the record. *First*, as the record shows, the Commonwealth sought leave from submitting the state-court record—specifically, the briefs filed by the petitioner in an appellate state court contesting the conviction, sentence, adverse judgment or order in a post-conviction proceeding, as well as the briefs filed by the prosecution in an appellate state court relating to the conviction or sentence—because "there are no factual controversies of the proceedings before the state court nor allegations of mismanagement during the direct review proceedings." ECF No. 40 at 2 (emphasis added). Tellingly, Núñez Pérez has never argued otherwise. *Second*, to the extent that Núñez Pérez asserts that since Respondents have made clear that their disputes in the district court were 'limited to matter of law,' *see* ECF No. 40 at 3, this Court can set aside respondents' invitation to review any of the district court's factual findings or judgments calls related to the equitable tolling grant, *see* Appellee's Br. at 43-44, this contention likewise misreads the record and is but another attempt to mislead this Honorable Court.[4] As the record shows, at the time the Commonwealth

---

[4] *See* ECF No. 40 ¶ 6 ("[T]he controversies before this Court are limited to matter of law. In summary, the controversies before this court are: (1) If petitioner's Petition for Habeas Corpus is time-barred and (2) whether the Supreme Court's decision in *Puerto Rico v. Sanchez Valle*, … applies retroactively to petitioner on federal collateral review.").

filed the referred to motion in the district court—*i.e.*, February 24, 2022—, the equitable tolling issue had not surfaced in anyway, precisely, because Núñez Pérez had never raised it nor argued he was entitled to it. The Commonwealth, as the respondent in the district court, had no obligation to raise the equitable tolling issue. Therefore, since Núñez Pérez had not even mentioned equitable tolling at that point, any factual controversy relevant to the equitable tolling analysis was simply irrelevant and non-existent.

Based on the items listed in his brief, Núñez Pérez theorizes that "Respondents' [d]istrict [c]ourt challenge, like its position in the Commonwealth post-conviction litigation, came down to whether *Sánchez Valle* must be applied retroactively on collateral review", and that "[t]heir timeliness challenge rested on a theory that § 2244(d)(1)(A) was the only applicable deadline." Appellee's Br. at 38. Accordingly, in his view, "the sole affirmative defense developed in Respondents' answer [was] that § 2244(d)(1)(C) cannot be triggered by *Sánchez Valle*; and, as such, Respondents alleged the 2019 habeas petition was 11 years late under § 2244(d)(1)(A) following the end of direct review." *Id.* In all, the crux of Núñez Pérez's argument is that the Commonwealth "[r]est[ed] entirely on an 11-*year* tardiness claim" and "never placed an alternative 11-*day* argument 'squarely and distinctively before the district court.'" Appellee's Br. at 39 (citation omitted).

Although he acknowledges that "in response to a supplemental-briefing request, Respondents opined that Mr. Núñez had been 11 days late to meet the § 2244(d)(1)(C) deadline," he claims that "**this did not preserve the position raised on appeal** or challenge Mr. Núñez's under-oath pleading statement that '[w]hen [he] found out about' *Sánchez Valle*, '[he] filed a motion under Rule 192.1 ....'" Appellee's' Br. at 39 (emphasis added; citations omitted). He adds that "[t]he closest the Commonwealth got to arguing § 2244(d)(1)(C) untimeliness was a statement that Mr. Núñez's petition was filed on June 20, 2017, '373 days after' *Sánchez Valle* issued, [b]ut [that] this calculation, arithmetically wrong, remained undeveloped; it shows Respondents were not trying to get the Court to view it as a separate, 'distinct' claim." Appellee's' Br. at 39-40.

Núñez Pérez's waiver arguments are unavailing—not to mention ironic. As threshold matter, in this appeal, the **untimeliness is uncontested** and the only issue before this Court is whether it was an error for the district court to apply equitable tolling to salvage Núñez Pérez's untimely habeas petition. In other words, applying either of those potential trigger dates, Núñez Pérez's petition comes too late; his petition is thus time-barred under either scenario unless Núñez Pérez is entitled to equitable tolling.

*Second*, to the extent that he contends that the Commonwealth forfeited its § 2244(d)(1)(C) untimeliness argument by limiting its affirmative defense arguments

to a § 2244(d)(1)(A) theory of untimeliness, his contention is similarly futile. As previously explained, in its *Answer* (**App. 145-155**), the Commonwealth admitted "that on June 20th, 2017, Mr. Núñez filed a Motion Requesting Annulment of Judgment under Rule 192.1 of Puerto Rico's Rules of Criminal Procedure," and "**affirmatively alleged that Petitioner's Motion Requesting Annulment of Judgment was filed on June 20th, 2017, 373 days after the Supreme Court of the United States decided *Puerto Rico v. Sánchez Valle*.**" **App. 148**, ¶ 6 (emphasis added). Moreover, as part of its affirmative defenses, the Commonwealth asserted that "**[t]he petition was time barred**" and cited ***both*** Section 2244(d)(1)(A) and Section 2244(d)(1)(C). **App. 151-152**, ¶¶ 2-3 (emphasis added). Thereafter, on March 31, 2022, the district court entered an *Order* noting that "[p]resuming without deciding that Supreme Court's **June 9, 2016** decision in Puerto Rico v. Sánchez Valle, 579 U.S. 59 (2016), meet the other conditions of [28 U.S.C. § 2244(d)(1)(C),] Petitioner [Núñez Pérez'] postconviction motion under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure was filed **June 20, 2017** -- 11 days late -- and therefore the petition appears untimely." **App. 157-158** (emphasis in the original).[5] Accordingly, the district court ordered the parties to file a joint memorandum setting forth their respective positions in response to the questions raised therein, including:

---

[5] It bears to emphasize, however, that the district court "detected" this possible timeliness concern only because the Commonwealth's *Answer* identified the filing date of the Rule 192.1 motion. *See* App. 158 n. 2.

"(1) Presuming arguendo that Sánchez Valle announced a new substantive rule that otherwise satisfied the retroactivity conditions of Section 2244(d)(1)(C), is the petition nevertheless untimely under this statute and why?". **App. 159**. The district court's March 31 order also specifically directed the Commonwealth to set forth its position regarding voluntary waiver of the statute of limitations defense, **App. 159**, to which the Commonwealth responded:

> The Commonwealth would not waive the statute of limitations arguments for this Court to consider the merits of this petition. Based on Rule 8 of the Federal Rules of Civil Procedure, when responding to a pleading, a party must affirmatively state any avoidance or affirmative defenses, including statute of limitations. Fed.R.Civ.Proc. 8. Compliant to the norms established in Rule 8, the Rules Governing Section 2254 cases in the District Court state that an answer to a Petition **must** state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.
>
> As a result, **respondents have raised this affirmative defense consistently in their filings** and hereby incorporate them as well. Petitioner bears the burden of proving that the applicable statute of limitations can be equitably tolled or if he filed his petition in a timely manner. The petition was untimely filed and he has consistently failed to argue the applicability of equitable tolling to his case. **App. 167** (Emphasis added and footnote omitted).

Therefore, even if, *arguendo*, the Commonwealth had forfeited its Section 2244(d)(1)(C) timeless argument by failing to raise it as an affirmative defense in its responsive pleading, the district court revived the Section 2244(d)(1)(C) timeliness issue when it *sua sponte* ordered the parties to address it. *See Day v. McDonough*, 547 U.S. 198, 209 (2006).

The Supreme Court has repeatedly affirmed federal courts' discretion to consider the timeliness of petitions for collateral relief *sua sponte* at any stage of the proceedings, even if the issue has not been raised by the parties. *See, e.g., Wood v. Milyard*, 566 U.S. 463, 466 (2012) ("Our precedent establishes that a court may consider a statute of limitations or other threshold bar the State failed to raise in answer a habeas petition.") (citations omitted); *id.* at 473 ("[C]ourt of appeals, like district courts, have the authority—though not the obligation—to raise a forfeited timeliness defense on their own initiative."); *Day*, 547 U.S. at 209. "Affording federal courts leeway to consider a forfeited timeliness defense" is appropriate, the Supreme Court has explained, because "AEDPA's statute of limitations . . . implicat[es] values beyond the concerns of the parties." *Wood*, 566 U.S. at 472 (quotation marks omitted); *Day*, 547 U.S. at 205-206 ("The AEDPA statute of limitation promotes judicial efficiency and conservation of judicial resources, safeguards the accuracy of state court judgments by requiring resolution of constitutional questions while the record is fresh, and lends finality to state court judgments within a reasonable time.") (quotation marks omitted).

In *Day*, the Supreme Court confronted the question of "whether a federal court lacks authority, on its own initiative, to dismiss a habeas petition as untimely, [if] the State answered the petition without contesting its timeliness," 547 U.S. at 202, or has erroneously conceded the timeliness issue, *see id.* at 205. The Supreme Court

ruled that the district court may act on its own initiative to dismiss a petition in such circumstances, *id.* at 209 ("district courts are permitted, but not obligated, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"), provided that the court "accord[s] the parties fair notice and an opportunity to present their positions." *Day*, 547 U.S. at 210 (quotation marks omitted). It, however, clarified that it would be "an abuse of discretion" for a court "to override a State's deliberate waiver of a limitations defense." *Id.* at 202; *see id.* at 210 n. 11 ("[S]hould a State intelligently choose to waive a statute of limitations defense, a district court would not be at liberty to disregard that choice.").

Thereafter, as explained by this Honorable Court, in *Wood*, "the Supreme Court reaffirmed the general principle that 'court[s] may consider a statute of limitations or other threshold bar the State failed to raise in answering a habeas petition,' and only cautioned against doing so if 'the State, after expressing its clear and accurate understanding of the timeliness issue, deliberately steer[s] the District Court away from the question and towards the merits.'" *Dimott v. United States*, 881 F.3d 232, 238 (1st Cir. 2018) (quoting *Wood*, 566 U.S. at 466, 474). The Court narrowly held in *Wood* that "it was an abuse of discretion to raise timeliness *sua sponte* in that case because the State twice informed the U.S. District Court that it would not challenge, but [is] not conceding, the timeliness of Wood's habeas

petition," thereby evincing clear gamesmanship." *Id.* (quoting *Wood*, 566 U.S. at 465) (internal citations omitted).

As explained in our *Opposition to Appellee's Motion for Summary Disposition*, the situation in *Wood* is not the situation here. The Commonwealth did not "strategically with[o]ld the [limitations] defense or cho[o]se to relinquish it" to reach the merits of Núñez Pérez's petition. *Wood*, 566 U.S. at 472 (quoting *Day*, 547 U.S. at 210-211). Rather, from the outset, the Government argued that Núñez Pérez's petition is time-barred under § 2244(d)(1)(A) but made no explicit mention of the defense of untimeliness specifically based on § 2244(d)(1)(C) ***at that point***. Moreover, the district court gave the parties due notice and a fair opportunity to state their position on the Section 2244(d)(1)(C) limitations issue. The district court's March 31 order was issued after the Commonwealth's *Answer* and no court proceedings or actions occurred in the interim. Beyond that, the district court inquired if the Commonwealth intended to waive the timeliness defense.

*Third,* contrary to Appellee's contention, the Commonwealth did not waive these arguments. The district court's March 31 order specifically directed the Commonwealth to set forth its position in response to the following question: "(1) Presuming arguendo that Sánchez Valle announced a new substantive rule that otherwise satisfied the retroactivity conditions of Section 2244(d)(1)(C), is the petition nevertheless untimely under this statute and why?". **App. 159**. The

Commonwealth responded "[y]es, the petition[] is nevertheless untimely" because "[a]ssuming, *arguendo*, that this ruling is a newly recognized right and was made retroactively applicable on collateral review, pursuant to Section 2244(d)(1)(C), the one-year statutes of limitations started to run from the date the Supreme Court initially recognize the constitutional right in question. The Supreme Court's ruling in *Sánchez-Valle* was decided on **June 9, 2016**." **App. 164-165** (Emphasis in the original). Therefore, as further expounded:

> From this perspective, petitioner had one-year from the day *Sánchez-Valle* was decided, that is **June 9, 2017**, to petition for post-conviction relief based on the newly recognized right established … However, Petitioner did not file his Motion Requesting Annulment of Judgment under Rule 192.1 of the Puerto Rico Rules of Criminal Procedure before the Court of Fist Instance ("CFI") until **June 20th, 2017, 376 days after *Sánchez-Valle* was decided and 11 days after the time limit established in § 2244 (d)(1)(C)**. By the time Petitioner filed for post-conviction relief, the one-year limit had expired.
>
> […] Even though the constitutional arguments on which he based his request were available since June 9, 2016, he waited more than a year, specifically, **376 days after the ruling**, to submit them before the CFI and has yet to allege if his particular case is subject to equitable tolling. Therefore, even if assuming that *Sánchez-Valle* announced a new substantive rule that otherwise satisfied the retroactivity conditions of Section 2244(d)(1)(C), the petition[] is untimely and should be dismissed. **App. 165-166**. (Emphasis in the original).

This was more than sufficient to preserve the Commonwealth's Section 2244(d)(1)(C) untimeliness arguments for appeal. In any event, these arguments were, indeed, raised in the district court and "[that] court chose not treat them as waived." *Trenkler v. United States*, 536 F.3d 85, 96 (1st Cir. 2008). In this Circuit,

"[w]here a trial court chooses to overlook the belated nature of a filing and adjudicate the tardy claim or defense on the merits, that claim or defense may be deem preserved for purposes of appellate review." *Id.*[6]

*Lastly,* it is difficult to credit Núñez Pérez's argument when, in response to the first question in district court's March 31 order, not only did he "**concede[d] that the petition was untimely" under Section 2244(d)(1)(C)**, **App. 163**, but specifically requested "the dismissal of **the affirmative defense of the one-year statute of limitation <u>under the 28 U.S.C. sec. 2244(d)(1)(C)</u>**." **App. 164**. (Emphasis added). Moreover, its certainty beyond ironic for Núñez Pérez to suggest that because the Commonwealth argued that his petition was time-barred under §2244(d)(1)(C) in response to the district court's March 31 order, it "did not preserve the position raised on appeal," Appellee's Br. at 39, when in response to that same order Núñez Pérez asserted for the ***first (and only) time*** —albeit unsupported and largely undeveloped— that he was entitled to equitable tolling of the one-year statute of limitations. *See* **App. 162-164**.

Considering the above, it is beyond dispute that Núñez Pérez argument regarding the Commonwealth's purported waiver or forfeiture of its § 2244(d)(1)(C)

---

[6] *See* **Add. 4** ("Respondents…argue, however, that Núñez Pérez's petition is time-barred under the statute of limitations set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") pursuant to **28 U.S.C. 2244(d)(1)(C)**.") (Emphasis added)).

untimeliness argument is meritless and, thus, does not support his plea for affirmance.

## B. The Commonwealth raised an actionable challenge on appeal.

Núñez Pérez contends that the Commonwealth's opening brief "fails to develop and allege error under the governing standard of review." Appellee's Br. at 42. He asserts that that since, "[b]elow, Respondents made clear that their disputes were 'limited to matter of law," this Court "can set aside Respondents' invitation to review any of the District Court's factual findings or judgments calls related to equitable tolling." Appellee's Br. at 43. As the Commonwealth previously explained, this argument misconstrues the record and attempts to mislead this Honorable Court. *See Opposition to Appellee's Motion for Summary Disposition* at 15-16.

Núñez Pérez likewise reiterates that "even if [the Commonwealth] preserved the 11-day challenge, there is still no dispute as to whether the District Court correctly found that *Holland* diligence was met based upon the unchallenged, under-penalty-of-perjury statement that '[w]hen [Mr. Núñez] found out about' *Sánchez Valle*, '[he] filed a motion under Rule 192.1…'" Appellee's Br. at 43. In his view, the Commonwealth's "complaint boils down to a desire for greater specificity as to what date Mr. Núñez learned of the *Sánchez Valle* decision and what specific action he took to seek state post-conviction relief after he found out. Yet, Respondents

don't assert that Mr. Núñez failed to make out a prima facie showing of reasonable diligence." *Id.* This contention, however, misconstrues the controlling case law and the Commonwealth's arguments.

As this Honorable Court has explained, "[a] habeas petitioner who seeks the balm of equitable tolling must show that he has exercise 'reasonable diligence' to protect his own interests." *Ramos-Martinez v. U.S.*, 638 F.3d 315, 323-324 (2011) (citing *Holland v. Florida*, 560 U.S. 631, 653 (2010)). And "[a]pplying such a standard necessitates that an inquiring court have sufficient factual basis to understand the choices the petitioner had and how he made those choices." *Id.* at 234. Therefore, "[w]hat the petitioner knew and when he knew it are important in assessing his diligence." *Id.* Accordingly, as the Commonwealth explained both in its opening brief and *Opposition to Motion for Summary Disposition*, although Núñez Pérez did aver in his petition that "when [he] found out about the *ELA v. Sánchez Valle* case [he] filed a motion under Rule 192.1 of the PR's Criminal Procedure Rules," he utterly failed to articulate *when* and *how* he found out about the *Sanchez Valle* decision. Appellants' Br. at 30-31. He likewise failed to identify "*what* actions, of any, he pursued after he learned of the *Sanchez Valle* ruling that would demonstrate reasonable diligence in pursuing his rights *within the one-year statute of limitations to file a timely Section 2244 petition*." *Id.* As we explained, "absent further information, Núñez Pérez's assertion that when he found out about

the *Sanchez Valle* ruling, he filed his Rule 192.1 motion, says nothing to explain his lack of diligence during the one-year limitations period to file a timely petition." *Id.* Thus, "the district court had no reasonable basis to conclude that Núñez Pérez had been reasonably diligent in pursuing his rights." *Id.* As such, contrary to Núñez Pérez's suggestion, the Commonwealth clearly pointed out that district court's finding as to his purported diligence was clearly erroneous since the record was silent as to crucial questions relevant to this prong of the equitable tolling analysis.[7]

As to the extraordinary circumstances prong of the equitable tolling test, Núñez Pérez asserts that "Respondents similarly fail to present a substantial question." Appellee's Br. at 45. In support of this contention, he reiterated the same arguments raised in his *Motion for Summary Disposition*, *id.*, and thus we direct the Court's attention to our arguments on this point. *See Opposition to Motion for Summary Disposition* at 18-22; Appellants' Br. 33-45.

As a reminder, the extraordinary circumstance prong of the equitable tolling analysis requires the petitioner to show an "external obstacle" to timely filing, *i.e.*, that the circumstances that caused a litigant's delay must have been beyond his

---

[7] Resisting this conclusion, Núñez Pérez further argues that "[e]ven if the Court were to look at Respondents' waiver below, it's hard to fault the District Court for not demanding more specificity when Respondents relentlessly focused on an 11-year delay instead of an 11-day delay–where fact-finding would have provided additional benefit." Appellee's Br. at 44. This contention is meritless and contrary to the most basic principles of equitable tolling. Whether the Commonwealth argued a 11-year or 11-day delay is irrelevant to the question of whether Núñez Pérez has been pursuing his rights diligently. Its black-letter law that "it is [petitioner]'s burden to put forth evidence to show that equitable tolling is justified". *Holmes I*, 685 F.3d at 62, 67.

control. *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 256-257 (2016). Accordingly, the Supreme Court has reiterated that "that the second prong of the equitable tolling test" —*i.e.*, extraordinary circumstances— "is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond his control." *Id.* at 257 (emphasis in the original and footnote omitted). And, as this Court has explained, the merits of habeas petition "do not play a role in whether extraordinary circumstances prevented [Núñez Pérez] from timely filing a habeas petition." *Cordle v. Guarino*, 428 F.3d 46, 49 (2005).

Núñez Pérez further asserts that the Commonwealth is "left not even challenging the legal conclusion that the combination of circumstances in *this case*, under the totality of the circumstances, justified *de minimis* tolling of a less-than-two-week time period unchallenged by Respondents below." Appellee's Br. 46. To that end, he argues the Commonwealth's does not flesh out any argument that the court committed any reversible error to consider the combination of factors it did when it made a "case-by-case" determination about petitioner's entitlement to "equitable intervention" based on what this "new situation" demanded. And that even if no factors relied on by the court were extraordinary when standing alone, Respondents develop no claim that, taken together, the factors relied on breached the eminently flexible *Holland* test. *Id.* at 48.

As the Commonwealth has thoroughly explained, the record in this case **unequivocally** shows that Núñez Pérez made no attempt to demonstrate (or even allege) the existence of any circumstance —much less an extraordinary one— "beyond [Núñez Pérez's] control [that] 'prevented timely filing.'" *Barreto-Barreto v. U.S.*, 551 F.3d 95, 101 (1st Cir. 2008). Tellingly, Núñez Pérez does not argue otherwise. It is also remarkable that, although Núñez Pérez faults the Commonwealth for purportedly breaking down the different circumstances identified by the court rather than considering them as whole, he makes no effort to provide a single argument that could possibly undermine the fact that <u>none of the circumstances relied upon by the district court to justify its finding were ever brought up by Núñez Pérez, who bears the burden of establishing his entitlement to equitable tolling</u>. And that, even if he had made such assertions, the record is devoid of evidence that would permit the district court to credit them and deemed them "extraordinary circumstances" that stood in Núñez Pérez way. Similarly, the district court's suggestion that the "relevant issue of this case -- retroactivity of a unique Double Jeopardy argument -- is extraordinary complex, and in the context of the interplay between AEDPA's non-jurisdictional statute of limitations and a prisoner's exhaustion of state remedies, is rendered more difficult to understand, even for skilled practitioners," Add. 17 (emphasis added), contributed to the extraordinariness of the circumstances of counsel's purported oversight, also

**misapplies the relevant standard**. These arguments, which attempt to attribute Núñez Pérez delay to same assertion that underline his petition —namely, the retroactive application of the *Sanchez Valle* decision— go to the merits of the habeas petition, which this Honorable Court has explicitly held "do not play a role in whether extraordinary circumstances prevented [Núñez Pérez] from timely filing a habeas petition." *Cordle*, 428 F.3d at 49.

Núñez Pérez's contentions, thus, are nothing more than a generic attack to the Commonwealth's thorough analysis of the district court's faulty extraordinary circumstances finding. Núñez Pérez evidently opted this strategy and simply ignores or twists the Commonwealth's arguments because they are *fatal* to his equitable tolling claim in this appeal. Notably, he does not even attempt to refute the Commonwealth's well-supported conclusion the district court seemingly failed to consider relevant factors (*e.g.*, what Núñez Pérez knew and when he knew it in assessing his diligence), while it relied upon impertinent ones (*e.g.*, merits of the petition, severity of the sentence), and even added unalleged and unsupported facts to salvage Núñez Pérez's time-barred habeas petition. *See, e.g.*, *Matamoros v. Starbucks Corp.*, 699 F.3d 129, 138 (1st Cir. 2012) ("An abuse [of discretion] occurs when a court, in making a discretionary decision, relies upon an improper factor, neglects a factor entitled to substantial weight, or considers the correct mix of factors but makes a clear error of judgment in weighing them."); *Connolly*, 504 F.3d 206,

211 (1st Cir. 2007) ("[A] district court abuses its discretion whenever it predicates its ruling on an erroneous view of the law."). And that these circumstances, in combination, counsel against a finding that the district court acted within the encincture of its discretion in invoking equitable tolling.

## C. The Commonwealth is not equitably estopped from advancing the 11-day untimeliness challenge.

Núñez Pérez additionally raises a cursory, undeveloped and unsupported argument that the Commonwealth should be equitably estopped from advancing the Section 2244(d)(1)(C)'s 11-day timeliness challenge. Appellee's Br. at 53-55.

The doctrine of equitable tolling and the doctrine of equitable estoppel are closely related, but distinct. As explained by this Court, "[e]quitable tolling applies when the plaintiff is unaware of the facts underlying his cause of action, while equitable estoppel applies when a plaintiff who knows of his cause of action reasonably relies on the defendant's conduct or statements in failing to bring suit." *Ramírez-Carlo v. United States*, 496 F.3d 41, 48 (1st Cir. 2007) (citations omitted). *See Ortega Candelaria v. Orthobiologics LLC*, 661 F.3d 675, 679 (1st Cir. 2011). In order to make a showing of equitable estoppel the party seeking the estoppel must establish that: "(1) the party to be estopped made a 'definite misrepresentation of fact to another person having reason to believe that the other [would] rely upon it'; (2) the party seeking estoppel relied on the misrepresentations to its detriment; and (3) the 'reliance [was] reasonable in that the party claiming the estoppel did not know

nor should it have known that its adversary's conduct was misleading.'" *Ramírez–Carlo*, 496 F.3d at 49 (quoting *Heckler v. Community Health Services*, 467 U.S. 59, 59 (1984)). Put simply, a plaintiff must present evidence showing that the defendant had an "improper purpose" or "constructive knowledge of the deceptive nature of his conduct in the form of some definite, unequivocal behavior fairly calculated to mask the truth or to lull an unsuspecting person into a false sense of security." *Ortega Candelaria*, 661 F.3d at 679 (citing *Vera v. McHugh*, 622 F.3d 17, 30 (1st Cir.2010)) (internal quotations omitted). In addition, "a party seeking estoppel against the government must show that the government engaged in affirmative misconduct." *Ramírez-Carlo*, 496 F.3d at 49.[8]

Here, Núñez Pérez contends that the Commonwealth should be estopped from raising Section 2244(d)(1)(C)'s 11-day statute of limitations defense because (i) "Respondents 'central argument' [] for years implicated no need for follow-up fact investigation or factual development at an evidentiary hearing;" (ii) "Respondents knew that a hearing would have revealed the abject isolation of Mr. Núñez' in the jailers' custody, and Respondents knew that raising a separate 11-day issue would have implicated ethical lapses in PR-DOJ prosecutor's failure to take appropriate action after *Sánchez Valle* rendered the subject convictions *nulo ab initio*;" (iii) "Mr.

---

[8] "Affirmative misconduct ... require[s] an affirmative misrepresentation or affirmative concealment of a material fact by the government, although it does not require that the government intend to mislead a party." *Ramírez–Carlo*, 496 F.3d at 49 (citation omitted).

Núñez reasonably relied on the PR-DOJ's invocation of a single affirmative defense;" and (iv) "[e]ven though Mr. Núñez has unearthed factual material relevant to the year following *Sánchez Valle*'s 2016 publication, he would be prejudiced by obstacles in further factual development and the emotional turmoil of returning to District Court to assess the equitable-tolling-relevant factual background." *Id.* 53-55.

However, these unsupported assertions do not meet the required standard to estop the Commonwealth from relying on a statute of limitations defense to Núñez's claims. As a threshold matter, we must emphasize that Núñez Pérez's does mention a single controlling or persuasive authority that supports the application of equitable estoppel in this case and in this particular circumstances. However, assuming, *arguendo*, that equitable estoppel could apply in a case such as this, *nothing* in the record supports the conclusion that the Commonwealth acted or misrepresented that it would only invoke an affirmative defense under Section 2244(d)(1)(A) or that it would waive any available statute of limitations defense. Likewise, nothing in the record shows that the Commonwealth had an improper purpose or constructive knowledge of the deceptive nature of its conduct in the form of some unequivocal behavior calculated to lull Petitioner. Nor does the record show that Núñez Pérez actually relied on any purported misrepresentation made by the Commonwealth. Likewise, Núñez Pérez has failed to show that his purported reliance on the

Commonwealth's "invocation of a single affirmative defense" was reasonable because he knew or should have known, as the record clearly shows, that the Commonwealth would (and, in fact, did) raise a statute of limitations defense under all possible and meritorious trigger dates. In sum, Núñez Pérez equitable estoppel argument fails.

### D. The actual innocence exception is inapplicable.

As a last resort, Núñez Pérez claims to be entitled to equitable tolling of the limitations period based on actual innocence. *See* Appellee's Br. at 67-69. According to him, the "actual innocence" or "miscarriage of justice" exception is appropriate for affirmance for three reasons. *First*, "because *Sánchez Valle* eviscerated governmental power to impose duplicative conviction and punishment for identical U.S. and P.R. Code offenses, this case meets the requirement that there has 'probably' been '[a] conviction of one who is actually innocent.'" Appellee's Br. at 67 (citation omitted). Thus, "any statute-of-limitations issue here is excused by Mr. Núñez's making a credible showing of actual innocence." *Id.* at 67-68 (internal quotation marks and citations omitted). *Second*, "affirmance under the actual-innocence gateway would harmonize with…*Holland*'s aim…to avoid the 'evils of archaic rigidity' when 'necessary to correct…particular injustices.'" *Id.* at 68 (quoting *Holland*, 560 U.S. at 650). *Third*, the district court's retroactivity analysis and the Commonwealth's alleged appellate *Teague* waiver "support applying the

miscarriage-of-justice bypass here." *Id.* In his view, "[w]hen a U.S. Code statute overlaps a P.R. Code crime, a person convicted of one offense cannot be guilty of the other. The federal conviction here placed Mr. Núñez beyond Puerto Rico's power to punish at all." *Id.* (internal quotation marks and citations omitted). Although he acknowledges that, "in some contexts, courts distinguish between legal and factual innocence," *id.* at 69 (citation omitted), he asserts that "[h]ere, …*Sánchez Valle* made the subject convictions *nulo ab initio*" and, thus, "Mr. Núñez could not be lawfully tried for, nor lawfully found guilty of, the challenged offenses." *Id.* In other words, "[a]fter *Sánchez Valle*, Mr. Núñez is innocent of the P.R. Code offenses." *Id.* However, Núñez Pérez fails to make a credible showing of actual innocence.

"If a [habeas] petitioner makes a 'credible showing of actual innocence,' an equitable exception can excuse lack of compliance with the statute of limitations." *McCants v. Alves*, 67 F.4th 47, 51-52 (1st Cir. 2023) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). *See Riva v. Ficco*, 803 F.3d 77, 84 (1st Cir. 2015); *Barreto-Barreto*, 551 F.3d at 102. The Supreme Court established the actual innocence exception in *McQuiggin*, "holding that a showing of actual innocence can serve as a 'gateway' that allows an otherwise time-barred petition to be considered." *McCants*, 67 F.4th at 52 (quoting *McQuiggin*, 569 U.S. at 386). To pass through this gateway, a petitioner must meet the standard articulated in *Schlup v. Delo*, 513 U.S. 298 (1995): the petitioner must show that "new evidence shows 'it is more likely

than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 569 U.S. at 395 (alteration in original) (quoting *Schlup*, 513 U.S. at 329). The Supreme Court "stress[ed] ... that the *Schlup* standard is demanding." *Id.* at 399, 401. Further, it cautioned that while delay did not disqualify a petitioner from making an actual innocence claim, a reviewing court can consider the length and timing of any delay in evaluating the claim, and a delay might weigh against a petitioner in certain circumstances. *Id.* at 399-400.

Moreover, to serve as a basis for equitable tolling of the limitations period, "*actual innocence means factual innocence, not mere legal insufficiency*." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (emphasis added)). Núñez Pérez claim (*i.e.*, that his convictions violate the guarantee against double jeopardy) falls within the latter category. As several federal courts have held, "**even a successful double jeopardy claim would show only legal innocence, not the factual innocence required to excuse the untimeliness of his petition**." *Lowery v. Bryant*, 760 F. App'x 617, 619 (10th Cir. 2019) (unpublished), *cert. denied sub nom. Lowery v. Whitten*, , 2019 WL 4922055 (U.S. Oct. 7, 2019) (emphasis added). *See Waite v. United States*, 74 F.3d 1242 (7th Cir. 1996) ("Waite does not claim *factual innocence*; he instead claims merely that the Double Jeopardy Clause prohibits a second punishment for the same offense. His claim is one of *legal innocence*, and does not meet the fundamental miscarriage of justice exception.") (citations omitted;

emphasis added); *Drummond v. United States*, 41 F.3d 664 (5th Cir. 1994) ("[Defendant's] argument that as a result of being tried on two counts of the indictment he was subjected to double jeopardy [does not] raise a question concerning his actual innocence."); *Selsor v. Kaiser*, 22 F.3d 1029, 1035 (10th Cir. 1994) ("Although Petitioner's claim that he was placed in double jeopardy by virtue of being punished for felony murder and the underlying felony is meritorious, this shows only legal innocence, which the Supreme Court has held insufficient to establish a fundamental miscarriage of justice."); *Steele v. Young*, 11 F.3d 1518, 1522 n. 8 (10th Cir. 1993) ("[Petitioner] would not show factual innocence by prevailing on the merits of his double jeopardy claim. Doing so would show only 'legal innocence' of part of his conviction.").[9] Accordingly, Núñez Pérez's double

---

[9] *See also Arellano v. Paramo*, 2021 WL 5578351, at *2 (S.D. Cal. Nov. 30, 2021) ("Petitioner's double jeopardy argument challenges the *legal* rather than *factual* basis of his conviction. Petitioner fails to establish actual innocence."); *Farley v. Allbaugh*, 2019 WL 7596192, at *3 n. 4 (W.D. Okla. July 1, 2019), *report and recommendation adopted*, 2019 WL 5549202 (W.D. Okla. Oct. 28, 2019) ("Petitioner does not allege actual innocence, and even if his double jeopardy claim were successful, it would show only legal innocence, not the factual innocence required to excuse the untimeliness of his petition.") (internal quotation marks and citation omitted); *Gosha v. United States*, 2019 WL 1559215, at *3 (N.D. Ala. Apr. 10, 2019) ("Even if Gosha's Double Jeopardy claim had merit, 'this would show, at most, *legal innocence*,' which is not sufficient to excuse his untimely filing.") (citations omitted; emphasis in the original); *Tucker v. Hoffner*, 2017 WL 2390256 (W.D. Mich. June 2, 2017); *Morris v. Chapman*, 2011 WL 2183783 (E.D. Ky. 2011), *report and recommendation adopted*, 2011 WL 2183789 (E.D. Ky. 2011); *Wereski v. McNeil*, 2009 WL 1098465, *8 (N.D. Fla. Apr. 22, 2009) (Petitioner's "double jeopardy arguments, relate to the legal sufficiency of his plea and some of the charges, not his factual innocence of the crimes; therefore, these allegations are insufficient" to show actual innocence in order to excuse untimely filed habeas petition); *Harms v. Conway*, 2007 WL 2265116, at *6 (D. Idaho Aug. 6, 2007) ("Petitioner also argues that he is actually innocent because he is being subjected to a Double Jeopardy violation. Double Jeopardy is a means to showing legal innocence, not factual innocence.").

jeopardy claim is not sufficient to excuse the untimeliness of his petition under the actual innocence exception.

## III.    CONCLUSION

For the above reasons and those the Commonwealth set forth in its opening brief and its *Opposition to Motion for Summary Disposition*, this Cour should reverse the district court's ruling and dismiss with prejudice Núñez Pérez's petition as time-barred.

**WHEREFORE,** the Commonwealth respectfully requests that this Honorable Court reverse the district court's decision.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 12th day of March, 2024.

*s/Fernando Figueroa-Santiago*
**FERNANDO FIGUEROA-SANTIAGO**
Solicitor General of Puerto Rico

*s/Omar Andino-Figueroa*
**OMAR ANDINO-FIGUEROA**
Deputy Solicitor General

*s/Mariola Abreu-Acevedo*
**MARIOLA ABREU-ACEVEDO**
Assistant Solicitor General

## CERTIFICATE OF FILING AND SERVICE

**I HEREBY CERTIFY** that on this same date I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

In San Juan, Puerto Rico this 12th day of March, 2024.

*s/Mariola Abreu Acevedo*
**MARIOLA ABREU-ACEVEDO**
Assistant Solicitor General
USCA No. 1199215
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192
Telephone: (787) 721-2900, ext. 1531
Email: *mariola.abreu@justicia.pr.gov*

**CERTIFICATE OF COMPLIANCE WITH RULE 32(G)**

**Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B):

     [x] This brief contains 6,895 words in compliance with Fed. R. App. P. 32(a)(7)(B), excluding the parts of the brief excluded by F. R. App. P. 32(f).

     [ ] This brief uses a monospaced typeface and contains [state the number of] lines of text.

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

     [x] This brief has been prepared in a proportionally spaced typeface using Times New Roman, Size 14.

     [ ] This document has been prepared in a monospaced typeface using [state name and version of word-processing program] with [state number of characters per inch and name of type style].

     [x] This brief is set in a plain, roman style, although italics or boldface are used for emphasis. Case names are italicized or underline.

                        *s/Mariola Abreu-Acevedo*
                        **MARIOLA ABREU-ACEVEDO**
                        Counsel for Appellants

                        Dated:  March 12, 2024